IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSS M. HERMAN and ARNOLD LEVIN, <br><br> Plaintiffs, <br><br> v. <br><br> CATAPHORA INC. and ROGER CHADDERDON, <br><br> Defendants. <br> _____ / | No. C 12-04965 JSW <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER CASE FILE TO THE TRANSFEROR COURT** |

Now before the Court is Plaintiffs' motion to transfer the case file to the transferor court. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 22, 2013 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments, and the relevant legal authority, the Court hereby GRANTS Plaintiffs' motion and transfers the case to the Eastern District of Louisiana.

**BACKGROUND**

On February 23, 2012, Plaintiffs, Russ M. Herman and Arnold Levin, filed a complaint against Defendants, Cataphora, Inc. and Roger Chadderdon, in the United States District Court for the Eastern District of Louisiana asserting claims for defamation and interference with prospective advantage. (Motion at 2.) On June 5, 2012, Defendants filed a motion to dismiss for lack of jurisdiction and improper venue. (*Id*.) On September 19, 2012, the Honorable Eldon E. Fallon of the Eastern District of Louisiana granted Defendants' motion to dismiss and

ordered that the matter be transferred to the United States District Court for the Northern District of California. (*Id*.) Simultaneously with the entry of Judge Fallon's transfer order ("Transfer Order"), the Clerk of the Eastern District of Louisiana electronically transferred the case file to this district. (*Id*.)

On September 20, 2012, the day after Judge Fallon granted Defendants' motion to dismiss, Plaintiffs filed their notice of appeal with the Court of Appeals for the Fifth Circuit. (*Id*.) The Plaintiffs' appeal was docketed with the Court of Appeals for the Fifth Circuit on September 26, 2012. (Declaration of Frank M. Pitre, Ex. 2.)

In this Court, Plaintiffs filed an administrative motion to return the file. (Opp. Br. at 1.) On November 8, 2012, this Court denied the motion. (Order dated November 8, 2012 at 1.) Plaintiffs re-filed the request as a proper motion to transfer, seeking to have this Court return the case file to the Eastern District of Louisiana for appellate review of the Transfer Order. (Opp. Br. at 1-2.)

**ANALYSIS**

Plaintiffs request that this Court return the case file to the transferor court in the Eastern District of Louisiana so that Plaintiffs may seek review of the Transfer Order in the United States Court of Appeals for the Fifth Circuit. (Motion at 2.) Defendants contend that the case file should remain in the Northern District of California and argue that (1) the Eastern District of Louisiana no longer has jurisdiction over this matter; and (2) the Plaintiffs' appeal to the Fifth Circuit Court of Appeals is improper because the Transfer Order is interlocutory and not immediately appealable. (Opp. Br. at 2.)

Transfer pursuant to 28 U.S.C. § 1406(a) strips the transferor district court and the corresponding appellate court of jurisdiction the moment the case is docketed in the transferee court. *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987). Furthermore, the local rules for the Eastern District of Louisiana do not provide that the transferor court should retain the case file for a certain period so as to allow a petitioner to seek appellate review. *See generally* U.S. Dist. Ct. Rules E.D. La. By contrast, in the Northern District of California, Civil Local Rule 3-14

provides that an "order transferring an action to another district shall become effective 14 days after it is filed, unless the order specifies a specific effective date." N.D. Civil L.R. 3-14.

It is a long-held practice of the court "in extraordinary circumstances involving a grave miscarriage of justice" to review via mandamus an order transferring a case to a district court in another circuit. *NBS Imaging Systems, Inc. v. U.S. Dist. Court for Eastern Dist. of Cal.*, 841 F.2d 297, 298 (9th Cir. 1988). In *NBS Imaging Systems*, the District Court for the Eastern District of California granted the transfer order and held the case file for 26 days after the court's written order. *Id*. However, the party seeking appellate review waited more than 35 days, and until the file had been transferred to the Northern District of Indiana, before filing its petition before the Ninth Circuit. *Id*. While the Ninth Circuit denied the petitioner's writ because it was filed after the case documents had been transferred to another circuit, the court stated that one factor "courts consider when mandamus is sought in this situation is whether the district court acted hastily in transferring the case, thus precluding a diligent petitioner from seeking mandamus in the appellate court." *Id*.

Plaintiffs filed their notice of appeal to the Court of Appeals for the Fifth Circuit the day after Judge Fallon issued the Transfer Order. (Motion at 2.) However, the Clerk's immediate transfer of the case file to this Court, which deprived the Eastern District of Louisiana of jurisdiction, has jeopardized the Plaintiffs' timely request for appellate review in the transferor circuit. (*Id*. at 4.) While the local rules for the Eastern District of Louisiana do not contain a rule requiring that the case file remain in the court's jurisdiction for a certain period so as to allow the parties to seek appellate review, transferring the case file simultaneously with the entry of the Transfer Order unfairly deprives Plaintiffs of the opportunity to seek appellate review in the transferor circuit. Unlike the petitioners in *NBS Imaging Systems*, who waited more than 35 days to file their petition for appellate review, Plaintiffs in this case filed their notice of appeal one day following the Transfer Order. (Motion at 2.) This Court finds that this matter presents an extraordinary circumstance. A grave miscarriage of justice would result if an administrative glitch were to deprive the Plaintiffs of an opportunity to seek appellate review in

the transferor circuit.[1] Thus, the case file shall be returned to the transferor court in the Eastern District of Louisiana in order to allow Plaintiffs to seek appellate review of the Transfer Order in the Court of Appeals for the Fifth Circuit.

## CONCLUSION

For the reasons stated herein, the Court grants Plaintiffs' motion to transfer the case file to the transferor court. The Clerk is directed to return this case file to the Eastern District of Louisiana forthwith.

**IT IS SO ORDERED.**

Dated: January 24, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Transfer orders pursuant to 28 U.S.C. § 1406(a) are not appealable prior to a final judgment, although a petitioner may seek review of a transfer order by way of a writ of mandamus. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 951-52 (9th Cir. 1968). In instances where a party has sought an appeal instead of a writ of mandamus, some courts have dealt with the issue as a matter of form and treated the appeal as a writ of mandamus. *See Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 868-69 (2d Cir. 1950). Nonetheless, in this instance, whether or not the Plaintiffs will be allowed to pursue appellate review of the Transfer Order in the transferor circuit in the form of an immediate appeal, a writ of mandamus, or at all, is a question that lies properly within the jurisdiction of the United States Court of Appeals for the Fifth Circuit. *See NBS Imaging Systems*, 841 F.2d at 198 (holding that the Ninth Circuit Court of Appeals "has jurisdiction to issue the writ despite docketing of the case in the Northern District of Indiana").